UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MAYIS NAZARYAN,<br><br>              Petitioner,<br><br>              v.<br><br>JAMES JANECK, in his official<br>capacity as Warden, Adelanto ICE<br>Processing Center,<br>et al.,<br><br>              Respondents. | Case No. 5:26-cv-03185-DTB<br><br>**ORDER GRANTING PETITION<br>FOR WRIT OF HABEAS CORPUS** |

## I.

## PROCEEDINGS

On June 9, 2026, petitioner Mayis Nazaryan ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1), accompanied by supporting exhibits (Docket Nos. 1-2 and 1-3).[1]   The Petition alleges the following claims for habeas relief:   (1)

---

[1]    On February 25, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to § 2241, alleging three claims not alleged in the Petition.  (Nazaryan v. Warden, Adelanto ICE Processing Center, et al., Case No. 5:26-cv-00913-SPG (DTB); Docket No. 1).  On April 7, 2026,

1

Petitioner's detention violates his right to procedural due process under the Fifth Amendment; (2) Petitioner's re-detention following his prior release is arbitrary; and (3) Petitioner's prolonged detention violates the Fifth Amendment.   (Petition at 6-11).[2]   In the Petition, Petitioner has applied for a Temporary Restraining Order ("Application").  (Id. at 11-12).[3]

On June 17, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 5), Respondents filed an Answer to the Petition ("Answer").  In the Answer, Respondents state: "Respondents are not presenting an opposition argument at this time.  Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Docket No. 8).

On May 13, 2026, Petitioner filed a Reply.  (Docket No. 23).

Thus, this matter is now ready for decision.  For the reasons set forth below, the Court grants the Petition.

## II.

## BACKGROUND[4]

Petitioner is a native and citizen of Armenia.  (Petition at ¶ 23).  On or about December 5, 2023, Petitioner presented himself at the San Ysidro Port of Entry seeking asylum in the United States.  (Id. at ¶ 24).  Following inspection and

---

2026, the undersigned Magistrate Judge issued a Report and Recommendation recommending the denial and dismissal of that habeas petition with prejudice.  (Docket No. 13).  On May 7, 2026 (following Petitioner's Objections, Docket No. 18), the District Judge issued an Order denying that habeas petition and dismissing that habeas petition without prejudice, and Judgment was entered.  (Docket Nos. 19-20).

[2]     For the parties' pleadings and exhibits, the Court cites to the CM/ECF pagination at the top of each page.

[3]     Since the Court is granting habeas relief, the Application is DENIED as moot.

[4]     The Background is based primarily on the allegations in the Petition.  The Answer does not contain any allegations.

processing, Department of Homeland Security ("DHS") exercised its discretionary authority to parole Petitioner into the United States. (Id. at ¶ 25). DHS issued Petitioner a Form I-94 reflecting an Arrival/Issued Date of December 5, 2023, and an Admit Until Date of December 5, 2025. (Id. at ¶ 26). By granting parole and issuing a valid Form I-94, DHS determined that Petitioner could reside in the community while his immigration proceedings remained pending. (Id. at ¶ 27).

Petitioner thereafter resided in the community pursuant to that authorization. (Id. at ¶ 28). Petitioner complied with immigration requirements and remained available to immigration authorities. (Id. at ¶ 29). Petitioner has no criminal history whatsoever. (Id. at ¶ 30). Immigration and Customs Enforcement's ("ICE") own Form I-213 expressly states that "NAZARYAN does not have any criminal convictions." (Id. at ¶ 31).

Despite previously paroling Petitioner into the United States and authorizing his presence through December 5, 2025, ICE re-detained Petitioner on or about December 17, 2025. (Id. at ¶ 32). Prior to re-detaining Petitioner, the Government provided no hearing. (Id. at ¶ 33). Petitioner was not afforded any opportunity to contest the deprivation of his liberty. (Id. at ¶ 34). The Government made no individualized finding that Petitioner posed a danger to the community. (Id. at ¶ 35). The Government made no individualized finding that Petitioner presented a flight risk. (Id. at ¶ 36). The Government identified no criminal conduct, criminal conviction, or material change in circumstances that would justify reversing its prior parole determination. (Id. at ¶ 37). Instead, after allowing Petitioner to remain in the community pursuant to a valid I-94 for approximately two years, the Government abruptly deprived him of his liberty and returned him to immigration detention. (Id. at ¶ 38).

///

3

Petitioner is being detained at the Adelanto ICE Processing Center in Adelanto, California. (See https://ice.gov/odls/#/results).

## III.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

Here, Petitioner has raised claims under the Due Process Clause of the Fifth Amendment, which prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const., amend. V. These protections extend to noncitizens present in the United States. See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (per curiam) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (internal quotation marks omitted); Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all

4

'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings.") (internal quotation marks and brackets omitted)).  Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ."  Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990).  Indeed, the Due Process Clause provides both procedural and substantive protections.  See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process.") (internal quotation marks omitted).  To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976).  See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying Mathews to due process challenge to immigration detention, and noting that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"); López v. Wofford, Case No. 1:25-cv-01226-KES-SKO (HC), 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025) (collecting cases extending Mathews "to the context of immigration detention").  Under Matthews, courts weigh the following three factors: (1) "[T]he private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural

requirement would entail." Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

**IV.**

**DISCUSSION**

**A.  Habeas Relief is Warranted.**

The first and a portion of the second claim in the Petition allege that Petitioner's detention violates his right to procedural due process under the Fifth Amendment. (Docket No. 1 at 6-9).

Given Respondents' election not to oppose the merits of the claims alleged in the Petition, the Court finds that Respondents have consented to the facts and arguments raised therein pursuant to Central District of California Local Civil Rule 7-12. Accordingly, the Court considers the facts and contentions alleged by Petitioner to be unopposed.[5]

Petitioner alleges that on or about December 5, 2023, he was released on parole, that he has complied with all of the immigration requirements and does not have any criminal history, and that on or about December 17, 2025, he was re-detained without notice, without a hearing, and without any opportunity to contest the basis for his detention. (Petition at ¶¶ 24-26, 29-37).

/ / /

/ / /

/ / /

/ / /

---

[5]   Respondents' non-opposition, in itself, can serve as a basis to grant the Petition. See Orozco v. Warden, Adelanto Detention Facility, et al., Case No. 5:26-cv-02385-BFM, 2026 WL 1390443, at *1 (C.D. Cal. May 14, 2026) (citing cases).

6

1.      Procedural Due Process.

The Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." Id. at 690; see also United States v. Salerno, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.").  "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases).

Generally, the Due Process Clause "requires some kind of a hearing *before* the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (emphasis in original).  As noted above, in Mathews, 424 U.S. at 335, the Supreme Court established three factors for a court to consider for purposes of determining what process is constitutionally sufficient to protect a liberty interest.

Thus, the Court considers the Mathews factors as applied to Petitioner's claim.

a.      Private Interest

The facts alleged in the Petition are undisputed.  As such, Petitioner has developed a substantial liberty interest in remaining out of custody after being evaluated and released by Respondents, based on the life he built in the United States since arriving more than two years ago.  See, e.g., Tinoco v. Noem, 818 F. Supp. 3d 1141, 1152 (E.D. Cal. 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner

in his continued liberty."); Manzanarez v. Bondi, Case No. 1:25-cv-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding that the petitioner had a private interest in remaining free from detention where "he was released on his own recognizance for over two years and complied with his [order of release on recognizance] conditions during that time"); Cruz v. Lyons, Case No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129, at *3 (C.D. Cal, Nov. 6, 2025) (finding the petitioner had a protectable liberty interest in remaining on supervised immigration release); C.A.R.V. v. Wofford, Case No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *10 (E.D. Cal. Nov. 1, 2025) ("As to private interest, during his approximately four years on parole, C.A.R.V. obtained permission to work, pursued gainful employment, and built a relationship with his fiancé and many others in his community. . . . Petitioner has a substantial private interest in being out of custody and his detention denies him that liberty interest."); López, 2025 WL 2959319, at *6 ("Petitioner had been out of custody for nearly four years, and during that time, began a life in the United States, living with her partner and complying with the terms of her release. Her detention denies her that freedom."); Garcia v. Andrews, Case No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *4 (E.D. Cal. July 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."). This "liberty is valuable and must be seen as within the protection of the [Due Process Clause]." Morrissey v. Brewer, 408 U.S. 471, 482 (1972).

      b.    Risk of Erroneous Deprivation

The absence of a pre-detention hearing under these circumstances presents an unacceptable risk that the government would erroneously deprive Petitioner of his liberty interest. Civil immigration detention is permissible only to prevent flight or reduce the risk of danger to the community. Zadvydas, 533 U.S. at 690-91. The

government clearly did not believe Petitioner to be a risk of flight or a danger to the community when they released him on parole; otherwise, the government would not have done so.  Cf. e.g., Padilla v. Bowen, Case No. 2:25-cv-10780-CAS-SK, 2025 WL 3251368, at *7 (C.D. Cal. Nov. 21, 2025); Sequen v. Albarran, Case No. 25-cv-06487-PCP, 2025 WL 2935630, at *11 (N.D. Cal. Oct. 15, 2025); Singh v. Andrews, Case No. 1:25-cv-00801-KES-SKO (HC), 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025).  There is no evidence indicating that the decision to release Petitioner on parole was erroneous.  Therefore, without a pre-deprivation hearing, there exists a significant risk of erroneous deprivation of Petitioner's liberty interest.  See Fernandez v. Semaia, Case No. 5:25-cv-03412-SPG-MBK, 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026) ("[T]he risk of erroneous deprivation is high because [the petitioner] has been afforded no process and there is no evidence of any changed circumstances that would justify his re-detention.").

c.      Government Interest

As for the third Mathews factor, "as many other courts have recognized, there is no meaningful countervailing Government interest that supports detaining previously paroled noncitizens like petitioner without a pre-detention hearing." Cruz, 2025 WL 4051129, at *4 (collecting cases).  Here, Respondents have not made any argument, let alone a compelling argument, as to why Petitioner should be detained without a pre-detention hearing.  Respondents did not deem Petitioner to pose either a risk of flight or a danger when they released him on parole in 2023.  Moreover, "any fiscal or administrative burden on the additional procedural safeguard of a hearing before neutral adjudicator imposes on the Government is at most minimal'[.]" Sun v. Santa Cruz, Case No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted).

/ / /

Therefore, there is a great risk that the lack of a pre-detention process has resulted in Petitioner's unnecessary detention.  See Mourey v. Bowen, Case No. 5:25-cv-03262-WLH (DTB), 2026 WL 467567, at *4 (C.D. Cal. Jan. 31, 2026) ("Pursuant to the holding in Mathews, Petitioner should have been afforded a pre-detention hearing."), report and recommendation adopted, 2026 WL 464788 (C.D. Cal. Feb. 17, 2026); López, 2025 WL 2959319, at *6 ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing, which should have been provided before she was detained.").

Accordingly, the Court concludes that the government's December 17, 2025 re-detention of Petitioner, who has developed a significant liberty interest during his more than two years in the United States, without first providing him with notice and opportunity for a hearing before a neutral adjudicator, violated his right to procedural due process under the Fifth Amendment. [6]

## V.

## CONCLUSION

IT THEREFORE IS ORDERED that:  (1) Judgment be entered granting the Petition; and (2) that a writ of habeas corpus be issued (a) requiring Respondents to immediately release Petitioner Mayis Nazaryan (A# 244-296-427) from custody, subject to the same conditions (if any) that he was subject to at the time he was arrested and re-detained, (b) ordering Respondents to return all property confiscated from Petitioner during his arrest and processing into detention; (c) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from re-detaining Petitioner without notice and a pre-detention hearing before a neutral arbiter at which the

---

[6]    The Court's determination that Petitioner is entitled to habeas relief on the first claim and a portion of the second claim alleged in the Petition renders it unnecessary for the Court to address the merits of other claims alleged in the Petition.

government bears the burden of proving that Petitioner is a flight risk or danger to the community; and (d) ordering Respondents to file a status report within two (2) business days to confirm that Petitioner has been released from custody pursuant to this Order.

DATED: June 26, 2026

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

11